IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **FELIX FRAZIER** | § | |
| | § | |
| **V.** | § | **CASE NO. 6:19-CV-557-ADA-JCM** |
| | § | |
| **U.S. XPRESS, INC.; U.S. XPRESS** | § | |
| **ENTERPRISES, INC. and KERNEL** | § | |
| **LLOYD REID** | § | |

## DEFENDANT U.S. XPRESS, INC.'S FIRST AMENDED ANSWER

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

**COMES NOW U.S. XPRESS, INC.,** one of the Defendants, in the above numbered and entitled cause, and files this First Amended Answer and would respectfully show the following:

1.1.

Defendant admits that Plaintiff is an individual residing in Texas.

1.2.

Defendant admits that Kernel Lloyd Reid is an individual and believes that he resides in Florida.

1.3.

Defendant admits that it is a Nevada corporation and with headquarters in Tennessee. Defendant denies that U.S. Xpress Enterprises, Inc. is a proper party to this lawsuit.

1.4.

Defendant denies the factual accuracy of a collective reference to multiple Defendants, and admits that U.S. Xpress, Inc. is a motor carrier whose DOT number is 303024, that it regularly conducts business on interstate highways including those in Texas, and that there are

1

FMCSA regulations that apply to its business. Defendant denies that U.S. Xpress Enterprises, Inc. has any relevant connection to the contentions herein.

1.5.

Defendant denies that Kernel Lloyd Reid was an employee of any U.S. Xpress entity on the date of the accident made the basis of this suit or at any time relevant to the claims herein. U.S. Xpress, Inc. admits Mr. Reid was an independent contractor performing driving services for said company and operating his vehicle within the course and scope of his contract at the time of this incident.

1.6.

Defendant denies it owned or operated the tractor/trailer Mr. Reid drove on September 27, 2017 and is without knowledge or information sufficient to form a belief as to Mr. Reid's communications with "authorities".

2.1.

Defendant does not dispute that this Court has subject matter jurisdiction over this case.

2.2.

Defendant admits that the wreck made the basis of this lawsuit occurred in Waco, Texas.

2.3.

Defendant does not dispute that the court has personal jurisdiction over Defendant in this case.

2.4.

Defendant does not dispute that venue is proper in the U.S. District Court for the Western District of Texas.

2.5.

Defendant admits that U.S. Xpress Enterprises, Inc. has been properly served with process.

2.6.

Defendant admits that U.S. Xpress, Inc., has been properly served with process.

2.7.

Defendant is without knowledge or belief as to the methods of proper service available with respect to Mr. Reid.

3.

Defendant objects to the vague and misleading combination of entities contained in Paragraphs 3.1-3.21 of Plaintiff's Complaint and responds that U.S. Xpress, Inc. is a motor carrier, while U.S. Xpress Enterprises, Inc. is not. Therefore, factual assertions inferring that U.S. Xpress, Inc. and U.S. Xpress Enterprises, Inc. are the "same", or lack the corporate distinctions that exist by law, are improper and render the contentions ambiguous and/or misleading. Similarly, the contention that any motor carrier "certifies" actions or conditions to some federal agency is vague, confusing and misleading. Defendant objects to the provisions of Paragraphs 3.1-3.21 that are veiled discovery requests, as such are improper to be included in pleading. Defendant, further, objects to and denies the factual allegations that any person or entity "certified to the Federal Government" any conduct or circumstances, as such is vague, misleading, and irrelevant to the issues of causation for the accident or other facts at issue in this case. Subject to and in reliance upon these objections, Defendant further denies the remaining allegations of Paragraphs 3.1-3.21 and relies on its constitutional right to require Plaintiff to carry his burden of proof to prove same.

4.

Defendant denies that Mr. Reid was employed by any entity named in Plaintiff's Complaint and denies that any commercial motor vehicle operator is subject to any duty above reasonable care required of all motorists, as will be submitted by the Court in the jury charge herein. Defendant denies all factual and legal contentions in Paragraphs 4.1-4.7 to the extent that Plaintiff's use of "U.S. Xpress" to refer to both U.S. Xpress, Inc. and U.S. Xpress Enterprises, Inc. is vague and misleading as it is impossible for Defendant to know which entity Plaintiff is referring to. Defendant denies that U.S. Xpress, Inc. or Mr. Reid were negligent on the occasion in question and denies all remaining factual and legal contentions set forth in Paragraphs 4.1-4.7.

Defendant specifically denies that Plaintiff is entitled to relief relating to property damage as Plaintiff signed a Property Damage Release releasing Defendant from all claims, demands or causes of action, and damages for property damage resulting from the collision in question.

5.

AFFIRMATIVE DEFENSES

As required by applicable law and pleading them in the alternative to the extent necessary or appropriate, Defendant pleads each of the following affirmative defenses:

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

Defendant pleads that the accident in question and Plaintiff's alleged injuries and/or damages were proximately caused by the acts, omissions, or conduct of a third party over whom Defendant has no control; which may include, but is not limited to, an unknown Responsible Third Party, including but not limited to John Doe, the unknown driver of the blue Suzuki involved in the incident in question. Defendant pleads that John Doe committed criminal act(s)

including, but not limited to, making an unsafe lane change, failing to drive in a single lane, and failing to maintain a proper lookout, which amounts to reckless driving at a minimum and violates Section 545.401 of the Texas Transportation Code.

Defendant is not liable for any of Plaintiff's alleged injuries and/or damages because they were not proximately caused by the negligence of Defendant nor any party to this suit and were, hence, the result of an unavoidable accident.

Defendant is not liable for any of Plaintiff's alleged injuries and/or damages because they were proximately caused by a sudden emergency.

6.

Defendant agrees with the request for a jury and hereby states its independent demand for a jury. Defendant denies Plaintiff's request for damages or other relief.

Respectfully submitted,

BY: _____
P. Clark Aspy
Texas Bar No. 01394170
aspy@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
8310 Capital of Texas Highway N., Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901

John Palmer
Texas Bar No. 15430600
Jacqueline P. Altman
Texas Bar No. 24087010
palmer@namanhowell.com
jaltman@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
P. O. Box 1470
Waco, Texas 76703-1470

(254) 755-4100
FAX (254) 754-6331

**ATTORNEYS FOR DEFENDANTS, U.S. XPRESS, INC.; U.S. XPRESS ENTERPRISES, INC. and KERNEL LLOYD REID**