IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FELIX FRAZIER**, <br><br> Plaintiff <br><br> vs. <br><br> **U.S. XPRESS, INC., U.S. XPRESS ENTERPRISES, INC.,** and **KERNEL LLOYD REID**, <br><br> Defendants | NO. 6:19-CV-00557-ADA-JCM |

# ORDER

After having reviewed the briefing and arguments of the parties, Defendants are ORDERED to respond fully to discovery requests listed below and to the extent Defendant partially responded, Defendant is ORDERED to supplement its responses.

Specifically, the Court ORDERS the following:

1. Plaintiff's Requests for Production of electronic data from the tractor-trailer driven by Defendant Reid at the time of the accident are limited to position history, message history, end of day summaries, and any other data in Defendants' possession or control for the sixty (60) days prior to the date of the accident.

2. Defendant **Reid's** objections to requests concerning DriverTech and other electronic data generated or stored are OVERRULED, including those objections to Requests for Production Nos. 14-15, 40, 47. Within two weeks of the

    entry of this order, Defendant is ORDERED to respond fully and completely to these requests for position history, message history, "end of day" summaries, and any other electronic data in Defendant's possession for the 60 days prior to the wreck at issue. Defendant may not lodge any further objections as such objections are waived.

3. Defendant **U.S. Xpress, Inc.'s** objections to requests concerning DriverTech and other electronic data generated or stored are OVERRULED, including those objections to Requests for Production Nos. 9, 12-13, 54, 61. Within two weeks of the entry of this order, Defendant is ORDERED to respond fully and completely to these requests for position history, message history, "end of day" summaries, and any other electronic data in Defendant's possession for the 60 days prior to the wreck at issue. Defendant may not lodge any further objections as such objections are waived.

4. Defendant **U.S. Xpress Enterprises, Inc.'s** objections to requests concerning DriverTech and other electronic data generated or stored are OVERRULED, including those objections to Requests for Production Nos. 9, 12-13, 54, 61. Within two weeks of the entry of this order, Defendant is ORDERED to respond fully and completely to these requests for position history, message history, "end of day" summaries, and any other electronic data in Defendant's possession for the 60 days prior to the wreck at issue. Defendant may not lodge any further objections as such objections are waived.

5. Within five (5) business days of the entry of this order, Parties are ORDERED to file any stipulation or protective order of confidentiality concerning the policies, procedures or training materials, if Parties deem such confidentiality necessary.

6. Defendants are ORDERED to produce a list of the courses taken by Defendant Reid in the two (2) years preceding the wreck that is the basis of this lawsuit. Defendants must produce this list within two (2) business days of the entry of

any stipulation or protective order of confidentiality. Within five (5) business days of production, Plaintiff is ORDERED to inform the Defendants which courses Plaintiff believes is relevant to the litigation. Defendant should then produce the course materials for those selected materials within ten (10) business days.

7. Defendant **Kernel Lloyd Reid's** objections to requests tailored to discover policies and procedures, including training materials, are OVERRULED, including those objections to Requests for Production Nos. 29-32, 53, 61-62. Defendant is ORDERED to produce any written policies and procedures concerning driving safety applicable to employees and independent contractors for the 2010 to 2017 time period. Defendant may not lodge any further objections as such objections are waived.

8. Defendant **U.S. Xpress, Inc.'s** objections to requests tailored to discover policies and procedures, including training materials, are OVERRULED, including those objections to Requests for Production Nos. 37-42, 69, 74-75, 83, 88, 90. Defendant is ORDERED to produce any written policies and procedures concerning driving safety applicable to employees and independent contractors for the 2010 to 2017 time period. Defendant may not lodge any further objections as such objections are waived.

9. Defendant **U.S. Xpress Enterprises, Inc.'s** objections to requests tailored to discover policies and procedures, including training materials, are OVERRULED, including those objections to Requests for Production Nos. 37-42, 69, 74-75, 83, 88, 90. Defendant is ORDERED to produce any written policies and procedures concerning driving safety applicable to employees and independent contractors for the 2010 to 2017 time period. Defendant may not lodge any further objections as such objections are waived.

10. For all other discovery responses, Defendants other general objections—including those responses that are slated as "subject to" or "without waiving"—are OVERRULED and

      Defendants are ORDERED to supplement their Responses to Plaintiff's Requests for Production within ten (10) business days identifying if any responsive materials are being withheld on the basis of a specific objection.

It is so ORDERED.

SIGNED on this   30th   day of   June  , 2020.

                                            HON. JEFFREY C. MANSKE
                                        UNITED STATES MAGISTRATE JUDGE

AGREED AS TO FORM:

/s/ Jacqueline Altman
Jacqueline Altman
Attorney for the Defendants

AGREED AS TO FORM & SUBSTANCE:

/s/ Tom Jacob
Tom Jacob
Attorney for Plaintiff