IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FELIX FRAZIER**, | |
| Plaintiffs | |
| vs. | **NO. 6:19-CV-00557-ADA-JCM** |
| **U.S. XPRESS, INC., U.S. XPRESS ENTERPRISES, INC.,** and **KERNEL LLOYD REID**, | |
| Defendants | |

## PLAINTIFFS' RESPONSE TO DEFENDANT U.S. XPRESS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant U.S. Xpress, Inc. moves for partial summary judgment and seeks dismissal of Plaintiff's negligent hiring, training, and supervision claim. Dkt. No. 33. To support its Motion, U.S. Xpress relies on a body of Texas law that requires dismissal of a derivative negligent hiring claim on one condition: that the movant actually stipulate and admit it is vicariously liable for its agent's conduct. The Court should deny U.S. Xpress's Motion because (1) the stipulation U.S. Xpress offers falls far short of admitting vicarious liability; and (2) the Defendant's own cited authority shows what an appropriate stipulation should concede.

## EVIDENTIARY SUPPORT

In support of this Response, Plaintiff relies on the following evidence which is attached to this Motion and references various pleadings on file in this cause:

Exhibit A – *Fuller v. Werner Enters.*, Vicarious Liability Admissions

Exhibit B – *Williams v. McCollister*, Vicarious Liability Stipulation

Exhibit C – *Plascencia v. Hillman*, Vicarious Liability Stipulation

## ARGUMENT AND AUTHORITIES

1. ***U.S. Xpress still denies vicarious liability in its Answer and summary-judgment stipulation.***

As U.S. Xpress admits in its Motion, Defendant's entire argument depends on a party's actual stipulation to vicarious liability. *See* Dkt. No. 33 at 4–6. Unless and until U.S. Xpress actually stipulates that it is vicariously liable for any and all of Reid's negligence as it relates to the accident in question, Plaintiff's negligent hiring, training, and supervision claim is not duplicative nor subject to summary judgment as a matter of law.

In its Original Complaint, Plaintiff plead as follows:

> "the acts or omissions of Defendant Kernel Lloyd Reid are imputed onto Defendant U.S. Xpress under the doctrine of respondeat superior and vicarious liability." Dkt. No. 1 ¶4.4.

To date, U.S. Xpress's answer to this allegation remains:

> "Defendant [U.S. Xpress, Inc.] denies that any commercial motor vehicle operator is subject to any duty above reasonable care required for all motorists as will be submitted by the Court in the jury charge herein. Defendant denies that U.S. Xpress, Inc. or Mr. Reid were negligent on the occasion in question **and deny all factual and legal contentions set forth in this paragraph**." Dkt. No. 26 ¶4.

In its Motion, U.S. Xpress distracts the Court from the above denial by referencing the following statement:

> "Defendant [U.S. Xpress, Inc.]…admits that Mr. Reid was an independent contractor performing driving services for said company and operating his vehicle within the course and scope of his contract at the time of this incident." *Id.* at ¶1.5.

Importantly, U.S. Xpress did not admit:

- That it would be vicariously responsible for all damages should a jury find Mr. Reid negligent;

- That Mr. Reid was an employee within his course and scope as Texas law understands it;

- That Mr. Reid was an employee within the course and scope for any conduct leading up to the wreck—such as a failure to maintain his vehicle, a failure to follow appropriate training, or a failure to take the federally mandated rest stops; or

- That Mr. Reid at all times was acting under the care, custody, and control of U.S. Xpress.

So, U.S. Xpress's position remains that it denies vicarious liability. Dkt. No. 26 ¶4.

2.   ***Defendant's own cited authority exposes U.S. Xpress's insufficient admission.***

For example, in *Fuller v. Werner Enterprises, Inc.*, before the court even ascertained whether a derivative negligent hiring claim was duplicative, it found that the motor carrier stipulated it was vicariously liable for *any* negligence of its employee driver, not merely that a contractor performed within the scope of a contract. *Fuller v. Werner Enters.*, No. 3:16-CV-2958-BK, 2018 WL 3548886, at *3 (N.D. Tex. 2018). To illustrate, consider the motor carrier's exact admissions in *Fuller*:

> "Defendant [motor carrier] admits that [driver] was…under [motor carrier's] care, custody, and control;"

> "Defendant [motor carrier] admits that [motor carrier] owned the tractor being operated by [driver] and that [driver] was within the course and scope of his employment at the time of the incident;" and,

> "**Defendant [motor carrier] admits that in the event a jury finds negligence on [driver], [motor carrier] is vicariously responsible**." Exhibit A at ¶¶ 7, 12, 15 (emphasis added).

All U.S. Xpress admits here is Defendant Reid performed within the terms of some contract with U.S. Xpress. The difference between "our contractor performed services within…his contract" and "U.S. Xpress admits to vicarious liability for any negligence of Mr. Reid" is obvious. Unless and until Defendant U.S. Xpress actually stipulates that it is vicariously liable, Plaintiff's negligent hiring, training, and supervision claim is not duplicative nor subject to dismissal.

In contrast to the above stipulation, U.S. Xpress equivocates further by directing the Court to a footnote, where U.S. Xpress reminds the Court that ordinarily, an independent contractor does **not** trigger the respondeat superior doctrine. Dkt. No. 33 at n.1. U.S. Xpress directly mentions its vicarious liability once. *Id.* at 5. But rather than stipulating that the entity is in fact vicariously liable for Reid's conduct, U.S. Xpress once again equivocates by arguing that "operating…within…his contract…establishe[s] the applicability of vicarious liability." *Id.* Defendant cannot have it both ways. It cannot on the one hand offer an equivocal stipulation that leaves its options open to challenge at trial or appeal, while expecting the Court to dismiss Plaintiff's negligent hiring, training, and supervision claim on the other. The latter is conditioned upon a finding that a motor carrier in fact stipulates to vicarious liability. *Fuller*, 2018 WL 3548886, at *3.

Consider another case cited by Defendant. In *Williams v. McCollister*, a defendant motor carrier "purposefully, and voluntarily consent[ed] and stipulate[d] that [driver] was acting as an employee of [motor carrier] at the time of the accident." Exhibit B ¶1. The motor carrier further "purposefully, and voluntarily consent[ed] and stipulate[d] that at the time…[driver] was acting within the scope of his employment…as defined by Texas law." *Id.* at ¶2. Finally, the motor carrier stipulated that it "**knowingly, purposefully, and voluntarily consents and stipulates that it is vicariously responsible for the act and/or omissions, if any, of driver**…" *Id.* at ¶3 (emphasis added).

In dismissing a derivative negligent hiring and supervision claim, the *Williams* Court found that the motor carrier sufficiently stipulated that it was vicariously liable. *Williams v. McCollister*, 671 F. Supp. 2d 884, 885 (S.D.

Tex. 2009). The same is true for another recent case in the Western District of Texas. *E.g.*, *Plascencia v. Hillman*, No. 19-CV-40-PRM, 2019 WL 4087439, at *1 (W.D. Tex. 2019). Before seeking summary judgment on plaintiff's derivative negligent hiring claim, the motor carrier in *Plascencia* provided the following stipulation:

> "At the time of the alleged incident…[driver] was an employee of [motor carrier]. As an employee of [motor carrier], [driver] was within the proper course and scope of his employment at the time of the subject accident. **To the extent that [motor carrier's] employee, [driver], was negligent…[motor carrier] stipulates and admits that [motor carrier] would be liable to Plaintiff via the doctrine of respondeat superior**."

Exhibit C ¶¶1-3.


# CONCLUSION

In Defendant's view, expressly **denying** vicarious liability in its Amended Answer alongside a footnote to a federal regulation concedes this issue entirely. Until the Defendant's position actually and fully concedes vicarious liability, the Court should deny Defendant's motion.

Respectfully Submitted,


/s/ Jamal K. Alsaffar
**JAMAL K. ALSAFFAR**
    jalsaffar@nationaltriallaw.com
    Texas State Bar #2402719
**TOM JACOB**
    tjacob@nationaltriallaw.com
    Texas State Bar #24069981
**STEVEN HASPEL**
    shaspel@nationaltriallaw.com
    Texas State Bar #24109981
**WHITEHURST, HARKNESS,**
    **BREES, CHENG, ALSAFFAR,**
    **HIGGINBOTHAM, & JACOB P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)


**MEGAN E. LOVELADY**, *pro hac vice*
    meg@lovelaydylawoffice.com
    Texas State Bar #24093477
**LOVELADY LAW OFFICE**
11201 Native Texan Trail
Austin, TX 78735
(512) 904-0244 (o)
(512) 233-0747 (f)


Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of this pleading, Plaintiffs'
Response to Defendant U.S. Xpress, Inc.'s Motion for Partial Summary
Judgment, has been sent to the following on July 7, 2020 via the Court's
CM/ECF notice system.

Paul Clark Aspy
Naman Howell Smith & Lee
8310 Capital of Texas Highway
Suite 490
Austin, TX 78731
(512) 479-0300
512/474-1901 (fax)
aspy@namanhowell.com

Jacqueline Altman
Naman Howell Smith & Lee
8310 Capital of Texas Highway
Suite 490
Austin, TX 78731
(512) 479-0300
512/474-1901 (fax)
jaltman@namanhowell.com