IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FELIX FRAZIER,**<br>§§§§§§§§§<br>*Plaintiff,*<br><br>v.<br><br>**U.S. XPRESS, INC., U.S. XPRESS ENTERPRISES, INC., and KERNEL LLOYD REID**<br>*Defendants.* | CASE NO. 6-19-CV-00557-ADA-JCM |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant U.S. Xpress, Inc.'s ("U.S. Xpress") Motion for Partial Summary Judgment (ECF No. 33), Plaintiff Felix Frazier's Response (ECF No. 41), and U.S. Xpress's Reply (ECF No. 45). After having reviewed the parties' briefs, case file, and applicable law, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment.

### I.  BACKGROUND

This case concerns a motor-vehicle accident in Waco, Texas on Interstate Highway 35 between a passenger vehicle driven by Mr. Frazier and a tractor trailer driven by Mr. Reid. ECF No. 33 at 1. At the time of the incident, Mr. Reid was following another vehicle in the middle lane. ECF No. 1, ¶ 3.18. The other vehicle attempted to move to the right but returned to the middle lane after realizing that traffic had slowed in the right lane. ECF No. 33 at 1. Mr. Reid could not brake in time when the vehicle returned to the middle lane. ECF No. 1, ¶ 3.18. To avoid a collision, Mr. Reid moved to the left lane, causing a collision with Mr. Frazier's vehicle. *Id.* At the time of the incident, Mr. Reid was performing driving services for U.S. Xpress as an independent contractor. ECF No. 26, ¶ 1.5. U.S. Xpress concedes that Mr. Reid was operating his vehicle within the course and scope of his contract at the time of the incident. *Id.*

1

Mr. Frazier filed suit in the Western District of Texas with claims of direct negligence against U.S. Xpress and Mr. Reid. ECF No. 1, ¶¶ 4.3, 4.5. Mr. Frazier also filed a claim of vicarious liability against U.S. Xpress through the doctrine of respondeat superior. *Id.*, ¶ 4.5. U.S. Xpress denied the allegation in its amended answer that U.S. Xpress would be vicariously liable for the acts or omissions of Mr. Reid. ECF No. 26, ¶ 4. However, U.S Xpress stated in its reply that "in the event a jury finds negligence as to [Mr.] Reid, U.S. Xpress, Inc. is vicariously liable." ECF No. 45 at 2. U.S. Xpress files this motion for Partial Summary Judgment as to the claims of direct negligence, negligent hiring, negligent training, negligent supervision, and negligent retention. ECF No. 33.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be

unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v.* Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* FED. R. CIV. P. 56; *Matsushita*, 475 U.S. at 586.

### III. ANALYSIS

U.S. Xpress requests judgment in its favor because the direct liability claims against U.S. Xpress are improper. ECF No. 33 at 2. U.S. Xpress argues that the claims of direct liability would be duplicative with the vicarious liability claim that U.S. Xpress admitted would apply. *Id.*

at 5. U.S. Xpress contends that any alleged breach of duty by U.S. Xpress would be included in a finding of negligence against Mr. Reid. *Id.* at 5–6. U.S. Xpress further argues that any evidence related to the hiring, qualification, training, supervision, and retention of Mr. Reid would be immaterial if the direct liability claims against U.S. Xpress are dismissed. *Id*. at 6 (citing *Williams v. McCollister*, 671 F. Supp. 2d 884, 891–92 (S.D. Tex. 2009) (granting the partial summary judgment motion which dismissed the claims pertaining to negligent hiring, supervision, training, and retention because employer stipulated to course and scope and vicarious liability).

Mr. Frazier argues in his response that U.S. Xpress did not stipulate its vicarious liability for any potential finding of negligence for Mr. Reid. ECF No. 41 at 1. Mr. Frazier argues that a stipulation of vicarious liability by U.S. Xpress should include that (1) Mr. Reid was acting as an employee within the course and scope of his duties at the time of the accident, (2) Mr. Reid was an employee within the course and scope for any conduct leading up to the accident, and (3) Mr. Reid at all times was acting under the care, custody, and control of U.S. Xpress. *Id.* at 3. Mr. Frazier contends that the direct negligence claims against U.S. Xpress should not be dismissed until U.S. Xpress states that it would be vicariously liable for a potential finding of negligence against Mr. Reid. *Id.* at 6.

In its reply, U.S. Xpress stipulates that Mr. Reid "was an independent contractor performing driving services for U.S. Xpress, Inc. and operating his vehicle within the course and scope of his contract." ECF No. 45 at 1. U.S. Xpress also states that "the tractor that [Mr.] Reid was operating at the time of the accident was under U.S. Xpress, Inc.'s possession, control, and use and U.S. Xpress, Inc. assumed responsibility for the operation of the tractor." *Id.* U.S. Xpress also "admits that in the event a jury finds negligence as to [Mr.] Reid, U.S. Xpress, Inc. is

4

vicariously liable." *Id.* at 2. U.S Xpress argues that these express stipulations admit vicarious liability and allow for the dismissal of the direct negligence claims against U.S. Xpress. *Id.*

U.S. Xpress also argues that Mr. Reid's employment classification as an independent contractor does not affect U.S. Xpress's admission of vicarious liability. *Id.* (citing C.F.R. § 376.12(c)(4)). U.S. Xpress points to the Federal Motor Carrier Safety Regulations ("FMCSR") which acknowledge the distinct nature of employees and independent contractors and provide that motor carriers such as U.S. Xpress may not use this classification to avoid liability. *Id.* (citing C.F.R. § 376.12(c)(4)). U.S. Xpress notes that courts deciding similar matters have not conditioned their holdings on employment status. *Id.* (citing *Ochoa v. Mercer Transp. Co., Inc.*, 5:17-CV-1005-OLG, 2018 WL 7505640, at *3 (W.D. Tex. December 10, 2018); *Fuller v. Werner Enters.*, No. 3:16-CV-2958-BK, 2018 WL 3548886, at *2 (N.D. Tex. July 24, 2018)).

The Court applies Texas law to this diversity case. *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013). In the absence of law from the state's highest court, this Court, will also look to the state's appellate courts for guidance. *See id.* In Texas, a negligence cause of action requires a showing of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). Under the doctrine of *respondeat superior*, an employer may be held vicariously liable for the negligence of its employee if the employee was acting within the course and scope of his employment. *See Ineos USA, LLC v. Elmgren,* 505 S.W.3d 555, 565 (Tex. 2016). Direct claims of negligence such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others. *See generally Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.); *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178

(Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.). As a general rule, in matters involving ordinary negligence, claims for vicarious liability and claims for direct negligence "are mutually exclusive modes of recovery." *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied); *see also Ochoa*, 2018 WL 7505640, at *3. If the plaintiff does not allege gross negligence and the employer admits vicarious liability, the direct negligence claims are irrelevant. *Id.*

In this case, Mr. Frazier has pleaded direct claims of negligence against Mr. Reid and U.S. Xpress as well as a claim of vicarious liability against U.S. Xpress. *See* ECF No. 1, ¶¶ 4.3, 4.5. The Court agrees that the vicarious liability of U.S. Xpress from a finding of negligence against Mr. Reid would subsume any finding of direct negligence against U.S Xpress. *See Ochoa*, 2018 WL 7505640, at *3. The Court acknowledges the concern shown by Mr. Frazier regarding U.S. Xpress's equivocal statement in its answer regarding vicarious liability.[1] *See* ECF No. 41 at 1. Nevertheless, the Court credits U.S. Xpress's clear stipulations in its reply regarding its vicarious liability that resemble the admissions of vicarious liability seen in other cases. *Compare* ECF No. 45 at 1–2 *with,* ECF No. 41, Exs. A and B. The Court also recognizes that independent contractors and employees are generally treated differently under the doctrine of respondeat superior. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). However, the FMSCR defines employee to include an independent contractor in the course of operating a commercial motor vehicle. *See* C.F.R. § 390.5.[2] As such, a motor carrier can be held vicariously liable for the negligence of an independent contractor. *See Gonzalez v. Ramirez*, 463

---

[1] To be clear, the Court finds that U.S. Xpress has stipulated to vicarious liability if Mr. Reid is found to be negligent. The Court will not tolerate any gamesmanship by Defendants and to the extent Defendants are not being forthcoming with the Court, the Court will take appropriate actions. The Court does not mean to suggest in any way that Defendants have not acted in good faith.

[2] The Texas Administrative Code has incorporated this section of the FMSCR, so both federal and state law statutorily define employee to include an independent contractor in this case. *See* 37 TAC § 4.11(a).

S.W.3d 499, 502 (Tex. 2015) (citing *Morris*, 78 S.W.3d at 37–38). Therefore, the Court finds that the claim of direct liability against U.S. Xpress is duplicative with the claim of vicarious liability and should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, it is accordingly **ORDERED** that U.S. Xpress's Motion for Partial Summary Judgment with respect to Felix Frazier's claim of direct negligence against U.S. Xpress is **GRANTED.**

**SIGNED** this 29th day of July, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE